[No. 6778.  Decided October 19, 1907.]

# B. C. CLAUSON, *Appellant*, v. P. A. LAWRENCE *et al.*, *Respondents.*[1]

APPEAL—REVIEW—DISCRETION—VACATING DEFAULT.  The opening of a default for the purpose of permitting a trial on the merits is within the discretion of the trial court, and will not be disturbed in the absence of abuse thereof.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 14, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action on contract. Affirmed.

*R. L. Edmiston*, for appellant.

*B. M. Branford*, for respondents.

DUNBAR, J.—This is an appeal from a final judgment of dismissal, and costs against appellant, and from certain orders made during the trial.  This is an action for damages for an alleged breach of contract.  The appellant and respondent P. A. Lawrence, in the month of October, 1904, entered into an oral agreement, by the terms of which said P. A. Lawrence was to furnish certain sums for the purchase of a certain tract of land, situated in Idaho, and appellant was to open and maintain a suitable office in the city of Spokane, Washington, for the sale of said land, and to personally devote his time and best efforts to that end; that Lawrence was to receive the first proceeds of the sales made from said tract of land, until he should be fully reimbursed for all the money invested by him, and that afterwards appellant was to receive one-half of the profits which might be realized over and above the sum to be paid to said Lawrence as aforesaid, in

[1]Reported in 91 Pac. 1087.

consideration of the services which said appellant agreed to render in opening and maintaining an office, and using his best efforts in selling said described tract of land.

The court found from the testimony that, in pursuance of said agreement, Lawrence purchased the said tract of land and performed his part of the agreement; that on or about the 1st day of December, 1904, the plaintiff abandoned the office which he had occupied during the time of the negotiations and making the above-mentioned agreement; that after the sale of a small portion of said land, to wit, on or about January 1, 1905, the plaintiff, voluntarily and without cause, or consent on the part of defendants or either of them, abandoned the said contract and agreement, and entered into and engaged in other business wholly foreign to, and inconsistent with, said agreement, and utterly failed and neglected to open or maintain any office at all for the sale of such real estate, and failed to sell, or make any effort to sell, such tract of land or any part thereof, and abandoned and wholly failed to perform his part of the agreement, voluntarily and without any cause, or consent on the part of said defendant; that the defendants were not indebted to the plaintiff in any sum whatever; and concluded, as a matter of law, that said plaintiff voluntarily abandoned and rescinded the aforesaid agreement on the 1st day of January, 1905, and thereby ended the same, and thereby ended and determined any and all obligations of the said defendants to the end and by virtue of the contract; that there was nothing due from the said defendants to the plaintiff under and by virtue of the contract, and that the defendants were entitled to a judgment of dismissal of the action and for all lawful costs expended. Certain findings of fact which were essentially opposite in matter of statement to the findings found by the court were suggested by the appellant, and refused by the court.

Judgment in this case had been taken against the respondents by default. This judgment was afterwards vacated on

motion of the respondents, and it is strenuously urged by the appellant that the court erred in vacating the default judgment, and granting the defendants permission to answer. A motion of this kind is so particularly addressed to the discretion of the trial court, who is familiar with all the circumstances of the case, that the appellate court will be slow to interfere with the orders of the trial court, unless it should appear that substantial injustice had been done by an abuse of discretion. Especially is this true where the order of the court does not permanently deprive the plaintiff of any substantial right, but simply has the effect of submitting his case to a trial on the merits. The record convinces us that there was no abuse of discretion in vacating the judgment.

On the merits there seems to be no particular principle of law involved. If the findings of the court are correct, the judgment should undoubtedly be sustained. But if the findings proposed by the appellant are justified by the evidence, the judgment is wrong. The action is not one for an accounting as is asserted by appellant, but is an action for damages for breach of contract. Viewed in either aspect, we are satisfied that the findings of the court are justified by the testimony, and the judgment is therefore affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, ROOT, MOUNT, and CROW, JJ., concur.